**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **Joel Alce,** | § | |
| **_Plaintiff_,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:18-cv-00594** |
| | § | |
| **UHP, LP d/b/a University Behavioral** | § | |
| **Health of Denton,** | § | |
| **_Defendant_.** | § | |

**JOINT REPORT OF RULE 26(F) ATTORNEY CONFERENCE**

**1.       A brief factual and legal synopsis of the case.**

Plaintiff alleges violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, _et seq._ Defendant denies all liability and contends that Plaintiff resigned after performing a voluntary walk off during work hours.

**2.       The jurisdictional basis for this suit.**

Plaintiff contends that jurisdiction is proper in this Court under federal question jurisdiction. Defendant contends that the Court lacks jurisdiction because Plaintiff's claims are subject to a mandatory, binding arbitration agreement that Plaintiff entered into with Defendant. The parties have fully briefed their positions on the arbitration issue in recent Court filings [Documents 7 through 12], and that issue currently remains pending before the Court.

**3.       A list of the correct names of the parties to this action and any anticipated additional or potential parties.**

Joel Alce, Plaintiff; UHP, LP d/b/a University Behavioral Health of Denton, Defendant. The parties do not anticipate any additional or potential parties at this time.

**4.       A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.**

None.

**5.     Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this order has been completed.**

In accordance with the Court's *Order Governing Proceedings*, Dkt. 14, the parties confirm that they completed their initial mandatory disclosures on November 26, 2018.

**6.     Proposed scheduling order deadlines. Appendix 1 has the standard deadlines. Explain any deviations from standard schedule. Now is the time to inform the Court of any special complexities or need for more time before the trial setting. The standard schedule is planned so that there is time to rule on dispositive motions before parties begin final trial preparation.**

The parties anticipate using the Court's standard deadlines with the following requested deviations:  counsel propose additional time for amendment of pleadings, discovery, and the dispositive motion deadline in order to better address counsel's existing conflicts and trial settings in other cases without inconveniencing or burdening the Court.   The proposed dispositive motion deadline of August 18, 2018 is more than 16 weeks before the final pretrial conference and more than 20 weeks before the current trial setting on the Court's January 2020 docket.

**7.     Describe in accordance with Rule 26(f):**

**(i)     The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Plaintiff anticipates conducting discovery on circumstances surrounding Plaintiff's FMLA leave and Defendant's approval of such leave; Defendant's policies and procedures regarding FMLA leave, discrimination and/or retaliation; communications between Plaintiff, Defendant, Plaintiff's healthcare providers and/or Sedgwick regarding Plaintiff's leave, health conditions, or benefits; the circumstances, reasons for, and persons involved in hiring Plaintiff or others for his position; the circumstances, reasons for, and persons involved in Plaintiff's

termination; the identity and information about Plaintiff's replacement and/or individuals who made or participated in the decision to hire Plaintiff's replacement; the identity, circumstances, and contact information for other employees Defendant terminated during or soon after taking FMLA leave; complaints or charges of FMLA violations or health-related discrimination or retaliation against Defendant; Plaintiff's compensation and benefits during employment with Defendant; and the facts supporting Defendant's asserted defenses.

Defendant anticipates conducting discovery on Plaintiff's alleged damages, evidence supporting his claims, communications with Defendant, and relevant employers (prior and subsequent) and medical providers.

The parties agree that the standard discovery deadlines should govern this case and that discovery does not need to be conducted in phases.

> **(ii)** **Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.**

Generally, the parties agree to produce ESI "as it is ordinarily maintained or in a reasonably usable form or forms," i.e. one that provides the requesting party a "functionally adequate ability to access, cull, analyze, search, and display the ESI" as the producing party.[1] For much of the discovery that the parties anticipate, this can be accomplished through use of a text-searchable .pdf format that can also be used to allow Bates stamping and tracking of documents.

---

[1]*See The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production* (Oct. 2017), available online at the following link: https://thesedonaconference.org/publication/The%20Sedona%20Principles.

**JOINT REPORT OF RULE 26(F) ATTORNEY CONFERENCE**                                              **Page 3**

The parties may seek relevant information in other formats and may inquire into the procedures, methodologies, and technologies used to produce electronically stored information, and if disputes regarding the format of ESI production arise, the parties' counsel will confer and attempt to resolve these disputes before bringing such matters to the Court.

(iii)    **Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stored information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.**

The parties agree that Rules 26(b)(5)(A) and (B) shall apply to claims of privilege or trial preparation material.  No agreement has yet been made regarding the need for a protective order, but should the need for such arise, the parties' counsel will confer and attempt to agree on such before applying to the Court.

(iv)    **Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed, as well as**

None at this time.

(v)     **Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c)**

None at this time; however, as mentioned in Section 2, both parties have submitted proposed Orders to the Court regarding the arbitration issue that is currently pending before the Court.

**8.    State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation. An early date is encouraged to reduce expenses. The Court will appoint a mediator if none is agreed upon.**

Plaintiff has made a settlement demand to Defendant. Defendant is currently evaluating Plaintiff's settlement demand. The parties are currently discussing an agreed-upon mediator.

**9.     The identity of persons expected to be deposed.**

Plaintiff expects to depose Rule 30(b)(6) corporate representatives of Defendant and Sedgwick, Austin Gregg, John Hayes, Dorie Hutchinson, and possibly others, including any designated expert witnesses.

Defendant expects to take Plaintiff's deposition and, if designated, any expert witnesses.

**10.     Estimated trial time and whether a jury demand has been timely made.**

The parties anticipate that trial of this case will take three days. A jury demand has been timely made by Plaintiff.

**11.     The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

Susan Motley, for Plaintiff.

Tracy Graves Wolf and Brent Sedge for Defendant.

**12.     Whether the parties jointly consent to trial before a magistrate judge.**

The parties do not consent to trial before a magistrate judge.

**13.     Any other matters that counsel deem appropriate for inclusion in the joint conference report or that deserve the special attention of the Court at the management conference.**

None at this time.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD AND SMITH, LLP**

 */s/ Tracy Graves Wolf*
Tracy Graves Wolf
Texas Bar No. 24004994
Tracy.Wolf@lewisbrisbois.com
Brent Sedge
Texas Bar No. 24082120
Brent.Sedge@lewisbrisbois.com
2100 Ross Avenue, Suite 2000
Dallas, TX 75201
(214) 722-7144 - Telephone
(214) 722-7111 - Fax

**ATTORNEYS FOR DEFENDANT**
**UHP, LP d/b/a UNIVERSITY BEHAVIORAL**
**HEALTH OF DENTON**

WOOD WEATHERLY
– TRIAL LAW –
3541 Teasley Lane, Suite 100
Denton, Texas 76210
(940) 565-6565
(940) 566-6673 FAX

/s/ Susan D. Motley     (with permission)
Susan Motley
Texas Bar No. 24002655
Email: susan@wtwlawfirm.com
Grace Weatherly
Texas Bar No. 00788632
Email: grace@wtwlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that the foregoing document was served on all parties *via CM/ECF* on November 28, 2018.

*/s/ Brent Sedge*
Brent Sedge